UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 13-30221

IN RE: *DEEPWATER HORIZON* – APPEALS OF THE
MEDICAL BENEFITS CLASS ACTION SETTLEMENT

On Appeal from the U.S. District Court for the Eastern District of Louisiana
C.A. Nos. 2:10-MD-2179-CJB-SS and 2:12-CV-968-CJB-SS

**LOUISIANA HOSPITAL ASSOCIATION'S AMICUS BRIEF
IN SUPPORT OF PLAINTIFFS-APPELLEES'
BRIEF ON THE MERITS**

CLARK R. COSSE' III (#04423)
LOUISIANA HOSPITAL ASSOCIATION
Chief Governmental Officer and General Counsel
9521 Brookline Avenue
Baton Rouge, LA 70809
Telephone: (225) 928-0026

JOHN S. BRADFORD (#03369)
STOCKWELL, SIEVERT, VICCELLIO,
CLEMENTS & SHADDOCK, L.L.P.
One Lakeside Plaza, 4th Floor
Lake Charles, LA 70601
Telephone (337) 436-9491

**ATTORNEY FOR LOUISIANA HOSPITAL ASSOCIATION**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     ii

    I.    STATEMENT OF THE IDENTITY, INTEREST,
        AND AUTHORITY OF LOUISIANA HOSPITAL
        ASSOCIATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

    II.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5

SIGNATURE OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . .     7

i

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>                                                                                           <u>**Page**</u>

*Ehrhart v. Verizon Wireless,* 609 F.3d 290, 594 . . . . . . . . . . . . . . . . . . . .     2

*Orril v. AIG, Inc.,* 38 So.3d. 474, 57, La. App. 4th Cir. 2010  . . . . . . . . . .     2

*Poullard v. Alpha Technical,* 102 So.3d 71, La. App. 4th Cir. 2011 . . . . .     2

*Sullivan v. DB Insurers, Inc.,* 667 F.2d 273 (3d. Cir. 2011) . . . . . . . . . . .     2

<u>**Other Authority**</u>

*Manual for Complex Litigation,* 21.612 (4th ed. 209) . . . . . . . . . . . . . . .     2

**TO THE HONORABLE FIFTH CIRCUIT COURT OF APPEALS:**

NOW COME Amici Curiae the **Louisiana Hospital Association ("LHA")** in support of Plaintiff-Appellees' Brief on the Merits.

**I.     STATEMENT OF THE IDENTITY, INTEREST, AND AUTHORITY OF THE LOUISIANA HOSPITAL ASSOCIATION.**

The Louisiana Hospital Association ("LHA") is a nonprofit organization serving hospitals and health care systems throughout the State of Louisiana. The LHA has 160 member hospitals, employing over 90,000 employees in the State of Louisiana, and is actively involved in obtaining reimbursement in the legal arena for patient care rendered by the member hospitals and the medical physicians the hospitals employ. The LHA represents the majority of the hospitals in the State of Louisiana that would treat most of the Class Members seeking medical treatment.

**II.     ARGUMENT.**

The LHA is asking this Court to affirm the trial court's ruling, approving the Class Settlement between British Petroleum, Inc. ("BP") and the Medical Benefits Settlement Class, which consists of approximately 200,000 individuals, many of whom do not have insurance. About half of the class members were clean-up workers. Many of these individuals presumably did not have full time employment with medical benefits, as if they did they would not have left those positions for part time work cleaning oil in the middle of the summer.

1

Both federal and Louisiana law favors settlements, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation. The parties also gain significantly from avoiding the costs and risks of a lengthy and complex trial. The options available to a trial court when presented with the Pre-Trial Class Settlement Action are either to approve the proposed settlement, or reject the proposal. The trial court cannot impose or modify settlement agreements between the parties. The primary duty of the trial court when deciding whether to approve a class settlement is to ascertain whether the settlement is fair, reasonable and adequate for the class. See *Class Action Settlements in Louisiana;* See *Poullard v. Alpha Technical,* 102 So.3d 71, La. App. 4th Cir. 2011; *Orril v. AIG, Inc.,* 38 So.3d. 474, 57, La. App. 4th Cir. 2010; *Sullivan v. DB Insurers, Inc.,* 667 F.2d 273 (3d. Cir. 2011); *Ehrhart v. Verizon Wireless,* 609 F.3d 290, 594, and *Manual for Complex Litigation,* 21.612 (4th ed. 209).

The LHA has an interest in this case because the member hospitals and the physicians they employ could provide treatment to many of the individuals who have been impacted as a result of the spill.

BP, in the Settlement Agreement, has provided funds for medical treatment through the Gulf Region Outreach Program and a 21-year medical consultation program for up to approximately 200,000 individuals. These individuals consist of clean-up worker individuals residing within Zone A and B who would have been

exposed to petroleum and oil, or petroleum distillates that make up oil dispersant

chemicals (and as to Zone A and B residents experienced a physical condition from

the exposure).  These individuals were exposed either through inhalation or dermal

contact.

Further, for the class members who are uninsured, there is a public policy

issue as to who should pay for this medical treatment - either the entity which caused

the harm or the hospital who provides treatment when the injured party cannot pay.

The settlement provides for three major benefits, as follows:

(1) Compensation for Specific Physical Conditions (SPC).  The compensable

physical conditions encompass symptoms and conditions that are likely to

arise from exposure to petroleum based substances related from the

Macondo Well, and/or chemical dispersants used during the response

activities.    These conditions have been described in the settlement

agreement, and are largely respiratory and normal afflictions, and are all

caused through one or two pathways.  The SPC Compensation levels are

based on class member status as a clean-up worker or Zone A or Zone B

residents, whether the class member SPC is acute or chronic, and the proof

is submitted to the Claims Administrator.

(2) The settlement provides for a Periodic Medical Consultation Program, which allows the participating class members to receive follow-ups by consultants every three years for twenty-one years. This follow-up will hopefully insure that the initial injury will not get worse.

(3) The settlement will provide for a Gulf Regional Health Outreach Program, which will provide class members access to skilled healthcare providers, diagnosis and treatment, and which will seek to minimize health disparity that has plagued the Gulf Coast Region since the oil spill. The Outreach Program provides grants to medical treatment projects for the counties and parishes across the Gulf Coast where most class members reside. The settlement requires BP to fund the creation and maintenance of a publicly-accessible on-line library of health-related materials related to the oil spill and response activities. The libraries will directly benefit class members, especially those who suffer a later-manifested condition, and invokes a back-in litigation option. This Outreach Program is a separately funded ($105 Million) benefit, and does not limit or otherwise alter other benefits inferred upon the class.

The LHA feels that the settlement, in which BP accepts responsibility for improving medical treatment access and medical consultation, will significantly benefit the health of class members in the Gulf Coast Region. There is no logical

reason why the party whose well caused the problem should not pay for these

medical benefits.   Otherwise, the class members who were harmed, or if those

individuals do not have insurance coverage, then the hospitals and doctors, would

be required to pay for the benefits the class members are receiving in the settlement.

## CONCLUSION

British Petroleum and the Settlement Class have come to a fair, reasonable,

and adequate solution in settlement whereby BP agrees to pay class members for

medical treatment and potential conditions that may arise later.   Setting aside a

settlement agreed to by class members who are giving up the filing of individual law

suits which are costly, and the potential for punitive damage awards against British

Petroleum, would not be logical.   Society and the Class are the winners in this

settlement.  The Trial Court was correct in its findings and should be affirmed.

Respectfully submitted,

/s/John S. Bradford
**JOHN S. BRADFORD**                          **CLARK R. COSSE' III**
**(La. Bar No. 03369)**                          **(La. Bar No. 04423)**
Stockwell, Sievert, Viccellio,                    Chief Governmental Officer
Clements & Shaddock, L.L.P.                  and General Counsel
One Lakeside Plaza, 4th Floor                 9521 Brookline Avenue
Lake Charles, LA 70601                          Baton Rouge, LA 70809
Telephone (337) 436-9491                       Telephone: (225) 928-0026

                                            **LOUISIANA HOSPITAL**
                                               **ASSOCIATION**

## CERTIFICATE OF SERVICE

Pursuant to FRAP 25, I hereby certify that I have electronically filed the foregoing Amicus Brief with the Clerk of the Court of Appeals by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/John S. Bradford

**JOHN S. BRADFORD (#03369)**

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed.R.App.P. 32(a)(5)-(7) and 5th Cir. R. 32.1, 32.2, and 32.3, the undersigned certifies this brief complies with the type-volume, typeface, and type style requirements of Fed.R.App.P. 32(a)(5)-(7).

1. This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief contains 1,857 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii) and 5th Cir. R. 32.2. Further, the text of the brief is 5 pages. See Fed.R.App.P. 35(b)(2); Fed.R.App.P. 29(d).

2. This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point with Times New Roman type style.

3. The undersigned counsel understands a material misrepresentation in completing this certificate or circumvention of the type-volume limits in Fed.R.App.P. 32(a)(7) may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

/s/John S. Bradford
**JOHN S. BRADFORD (#03369)**