NO. 13-30221

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

In re Deepwater Horizon—Appeals of the
Medical Benefit Class Action Settlement

James H. Kirby, IV,
*Claimant-Appellant*,

Medical Benefits Settlement Class,
*Plaintiff-Appellee*,

v.

BP Exploration & Production, Inc. and BP America Production Co.,
*Defendants-Appellees*,

Appeal from a Decision of the
United States District Court for the Eastern District of Louisiana,
No. 2:10-md-02179-CJB-SS, Hon. Carl J. Barbier

Kirby's Motion to Voluntarily Dismiss Appeal Pursuant to FRAP 42(b)
and to Withdraw Any and All Pending Motions

Joseph Darrell Palmer
LAW OFFICES OF DARRELL PALMER PC
603 North Highway 101, Suite A
Solara Beach, CA 92075
Telephone: (858) 792-5600
Facsimile: (866) 583-8115

Theodore H. Frank
1718 M Street NW, No. 334
Washington, DC 20036
Telephone: (703) 203-3848
Email: tfrank@gmail.com
*Attorney for James H. Kirby, IV*

On September 30, this Court remanded this appeal "for the limited purpose of allowing the district court to determine whether appellants are members of the class in this case." Documentary evidence produced by BP conclusively and irrefutably demonstrates that the sole remaining appellant, James H. Kirby, IV, is a member of the class. Nevertheless, class counsel has refused to stipulate to this fact, and has asked the district court for a wide array of findings beyond the scope of the remand. Class counsel has also asked the district court to impose sanctions on Mr. Kirby and his counsel for bringing this appeal, and to order Mr. Kirby to dismiss his appeal, despite the fact that this is both beyond the limited scope of the remand, and beyond the authority of the district court. *See, e.g., Conner v. Travis County*, 209 F.3d 794, 800-01 (5th Cir. 2000). While Mr. Kirby has confidence in his attorneys' assessments of the merits of his appeal, the risk that he will be held personally liable for sanctions and never have the opportunity to have his appeal reach the merits outweighs the psychic benefits he might obtain by successfully striking a settlement he believes unfair.

Mr. Kirby thus believes it in his best interests for his appeal to be voluntarily dismissed under Fed. R. App. Proc. 42(b) and 5th Cir. R. 42.1, and formally requests this Court to dismiss his appeal under those rules. *See generally, e.g., Safeco Ins. Co. v. AIG, Inc.*, 710 F.3d 754 (7th Cir. 2013) (Easterbrook, J.) (2-1 decision granting Rule 42(b) motion to dismiss in class action settlement appeal even after appeal had been argued).

Class counsel has consented to this motion, and has agreed that the parties will bear their own costs.

Mr. Kirby's agreement with class counsel (attached) requires him to file this motion on or before November 26; BP has not yet stated their position on whether they consent to the motion and what their position is on costs.

Mr. Kirby does not believe that he has any motions pending in this appeal, but has been instructed by class counsel to formally move to withdraw any and all pending motions in this appeal, including but not limited to any motion for sanctions. He thus makes that motion.

## CONCLUSION

Mr. Kirby thus asks this Court to (1) dismiss his appeal pursuant to Fed. R. App. Proc. 42 and 5th Cir. R. 42.1, with the parties to bear their own costs; and (2) withdraw any and all pending motions Mr. Kirby has brought in this case, including but not limited to any motion for sanctions.

Dated:  November 26, 2013            Respectfully submitted,

*/s/ Theodore H. Frank*
Theodore H. Frank
1718 M Street, NW
No. 334
Washington, DC 20036
(703) 203-3848
tfrank@gmail.com

Joseph Darrell Palmer
LAW OFFICES OF DARRELL PALMER PC
603 North Highway 101, Suite A
Solara Beach, CA 92075
Telephone: (858) 792-5600
Facsimile: (866) 583-8115
*Attorneys for James H. Kirby, IV*

## Certificate of Service

I hereby certify that on November 26, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed on November 26, 2013.

*/s/ Theodore H. Frank*
Theodore H. Frank

RELEASE OF ALL CLAIMS

In consideration for James H. Kirby III and James H. Kirby, IV filing motions to dismiss their appeals in the Fifth Circuit Court of Appeals, case nos. 13-30095, 13-30221 and 13-30973, no later than November 26, 2013 and withdrawing their motions and/or requests for sanctions in case no. 13-30095, 13-30221 and/or 13-30973, appointed Class Counsel and the Plaintiff Steering Committee for the Medical Settlement Class and the Economic Settlement Class, shall:

(i) withdraw their district court Motion for Rule 11 sanctions (Case no. 10-md-2179, Dkt. 11623, filed on October 9, 2013);

(ii) withdraw their amended/supplemental Motion for Sanctions (Case no. 10-md-2179, Dkt. 11869, filed on November 19, 2013);

(iii) not oppose the dissolution, release and return of the Medical Appeal Bond;

(iv) not request an assessment or taxing of Court Costs from either the District Court or the Court of Appeals Fifth Circuit Court of Appeals, in case nos. 13-30095, 13-30221 and 13-30973 against James H. Kirby III and James H. Kirby, IV, Michael Sturdivant, Patricia Sturdivant, and Susan Forsyth and their attorneys; and

(v) Release James H. Kirby III and James H. Kirby, IV, Michael Sturdivant, Patricia Sturdivant, and Susan Forsyth and their heirs, successors, assigns and attorneys of all claims, demands, debts, actions or causes of action, costs, obligations, damages and other liabilities whether at law, in equity or mixed, in any way arising from or related to the DeepWater Horizon Oil Spill Litigation, Case no. 10-md-2179, whether known or unknown.

(vi) Waive the provisions, rights, and benefits of Section 1542 of the California Civil Code or any other similar law, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

November 26, 2013

_____
Stephen J. Herman, Co-lead counsel

November 26, 2013

_____
Joseph Darrell Palmer, Counsel for
James H. Kirby, III and James H. Kirby, IV